# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 00-2498 (TFH) |
| | ) |
| CENTRAL INTELLIGENCE AGENCY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court is the Defendant's Renewed Motion for Summary Judgment ("Motion"). Upon careful consideration of that Motion, the Opposition and Reply thereto, and the entire record herein, the Court will grant Defendant's Motion.

## I. BACKGROUND[1]

On August 8, 2002, the Court granted summary judgment almost entirely for the Defendant in this FOIA case. In Count 2 of his complaint, Plaintiff had sought records from the Central Intelligence Agency ("CIA") "related to the CIA's MKULTRA program to identify subjects of agency sponsored drug testing." The Court's Order of August 8, 2002 directed the CIA "to search and review its operational files for information concerning the MKULTRA project and [to] make all releasable information available to Plaintiff." On September 25, 2002, the Court granted the CIA's request that the Court modify its Order to substitute the term "Victim's Task Force" for the term "MKULTRA project." Plaintiff Kelly noticed an appeal, and

---

[1] The background and procedural history in this case is extensive, and is set forth in detail in the Court's Memoranda and Opinions of August 08, 2002 at 2–4 and September 25, 2002 at 1.

our Court of Appeals released an unpublished ruling on July 31, 2003 [mandate issued September 25, 2003] in which it found that this Court had "not issued a final judgment on all relief requested" because the Court did "not address the adequacy of appellee's search of its operational files required by the order filed August 8, 2002, and appellant has not had the opportunity to challenge that search."  This Court then ordered the Defendant to file an affidavit addressing the adequacy of its search, and also ordered the Plaintiff to file any challenge to that affidavit.  See TFH Order of Oct. 22, 2003 [# 43] at 1.

## II.  DISCUSSION

The Defendant filed a declaration written by Marilyn A. Dorn, the Information Review Officer ("IRO") for the Directorate of Operations ("DO") for the CIA.  In pertinent part, Ms. Dorn's declaration reads as follows:

> 13.    In accordance with the Court's orders, the Office of the DO/IRO and the Office of the Information Review Officer of the Directorate of Science and Technology ("DS&T/IRO") conducted diligent searches of operational files that were reasonably calculated to discover any records concerning the MKULTRA Victim's Task Force.
>
> 14.    Agency FOIA searches are conducted by experienced CIA officers. The Office of the DO/IRO searched its electronic index of records for any reference to MKULTRA without any date limitation and then conducted a manual review of documents that the electronic search identified as appearing to concern the MKULTRA Victim's Task Force.  In the manual review, CIA officers determined that none of the records concerned the Victim's Task Force.  The Office of the DO/IRO also searched a text-based database for any references to MKULTRA between 1978 and 1980, the time period covering when the database was created until after the investigation was completed in 1979.  This search produced no records concerning the Victim's Task Force.  In addition, the Office of the DS&T/IRO conducted a similar electronic search, using the term MKULTRA without a date restriction, of archived DS&T operational files from relevant DS&T offices for records concerning the MKULTRA

> Victim's Task Force.  The DS&T search produced no responsive records.
> The broad searches conducted in this case were reasonably calculated to
> discover any documents concerning the MKULTRA Victim's Task Force.
>
> 15.   As stated, these thorough and diligent searches by the DS&T and DO
> identified no responsive records concerning the MKULTRA Victim's Task
> Force in their operational files.  This result is not surprising.  The Victim's
> Task Force was convened by the Director of Central Intelligence ["DCI"],
> whose files are not operational files.  The Task Force Records are located
> in DCI files, which were the focus of the initial search in response to
> plaintiff's FOIA request.

Dorn Decl. ¶¶ 13–15, filed as an appendix to the Motion.  The Court finds this to be "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched . . . ."  Oglesby v. United States Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

This declaration afforded Plaintiff Kelly "an opportunity to challenge the adequacy of the search . . . ."  Id.  Plaintiff's challenge to the search is

> that the electronic index search produced records that appeared to be
> related to the Victim Task Force [and thus] is a very specific statement of
> positive relevance of the documents.  It would lead one to believe that the
> electronic search result resulted in positive indications of records related to
> the Victim's Task Force and thus subject to the Court's order.  By contrast,
> the following sentence is devoid of detail or explanation as to why these
> records are not responsive, or how they were determined not to be
> responsive.
>      . . . The declaration in this case is not reasonably detailed in that it
> does not explain how responsive records appeared to have been found in
> the electronic index search, but not found in the manual search. . . . Due to
> the unsatisfactory content of the declaration, plaintiff Kelly should be
> allowed to take discovery to determine the nature of the search undertaken
> by the agency.

Opposition at 3–4.

Plaintiffs objection is misplaced, however, for a plain reading of the affidavit shows that experienced CIA officers examined the electronic index for "any reference to MKULTRA

3

without any date limitation." Dorn Decl. ¶ 14. Any positive results of this search were then manually reviewed by the experienced officers to determine whether such records concerned the MKULTRA Victim's Task Force. See id. No such records were found, in spite of the CIA's thorough search efforts. The Defendant has "'show[n] that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" Campbell v. United States Dep't of Justice, 164 F.3d 20, 27 (D.C. Cir. 1998) (quoting Oglesby, 920 F.2d at 68). The Defendant has not rested on conclusory statements that it has reviewed relevant files. See Nation Magazine v. United States, 71 F.3d 885, 890 (D.C. Cir. 1995). Rather, the CIA has set forth sufficient information in its affidavit for this Court to determine that the search was adequate. See id.; see also Oglesby, 920 F.2d at 68 (The affidavit must "allow the district court to determine if the search was adequate in order to grant summary judgment.").

### III.  CONCLUSION

For the foregoing reasons, the Court will grant the Defendant's Renewed Motion for Summary Judgment. An appropriate order will accompany this Memorandum Opinion.

January 22, 2004                                      /s/
                                              Thomas F. Hogan
                                              Chief Judge